

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

IN ADMIRALTY

M&T BANK CORPORATION

        Plaintiff,

vs.                                                    CASE NUMBER:
                                                       MAGISTRATE JUDGE:

                                                       **09-6190**

Linda L. Krantz *in personam*

        Defendant                                      CIV-ZLOCH

_____/                 ROSENBAUM

## VERIFIED COMPLAINT IN ADMIRALTY

COMES NOW, the Plaintiff, M&T BANK CORPORATION, by and through undersigned

counsel and hereby files this action pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure,

28 U.S.C.§ 1333 and pursuant to the Supplemental Rules for Admiralty and Maritime Claims and

Forfeiture Actions to clear title of unfound liens placed on the M/V "ENTERPRISE" preventing its

sale pursuant to 46 U.S.C. § 31343 (c)(2) and 28 U.S.C.§ 2201.

1.      This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental

        Jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim within

        the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and 28 U.S.C.§ 1333 and

        pursuant to the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture

        Actions

1

2. Plaintiff, M&T Bank Corporation, formerly known as Provident Bank, sues to quiet title and challenge improper liens noticed on The M/V "ENTERPRISE", O.N. 694189, and her engines, tackle, etc.

3. Plaintiff, M&T Bank Corporation, formerly known as Provident Bank, repossessed the vessel for breach of Promissory Note, Marine Security Agreement, First Preferred Ship Mortgage and Unlimited Personal Guaranty attached as Exhibits A, B.

4. This is also an action pursuant to this Court's supplemental jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C.§ 2201 for declaratory relief to determine if the liens asserted by an alleged lien holder are maritime liens, and if they prime the preferred ship's mortgage on the M/V "ENTERPRISE" and the amount ion controversy is in excess of $85,000.

5. The district courts of the United States have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of 46 U.S.C. § 31343, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties.

6. Venue in such an action is proper in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded.

7. The Court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust. The Secretary shall record any such declaratory order.

2

8. At all times hereinafter mentioned the plaintiff, M&T Bank Corporation, was and still is a banking institution duly organized and existing under and by virtue of the laws of New York with offices at 1100 Wehrle Drive, Williamsville, NY 14221

9. Upon information and belief, the M/V "ENTERPRISE", a U.S.C.G. Documented vessel, is now or during the pendency of this action will be within the Southern District of Florida.

10. Defendant Linda Krantz is believed to reside in Fort Lauderdale Florida and has filed an improper notice of claim of lien on the M/V "ENTERPRISE" and recorded said lien with the USCG National Vessel Documentation Center subsequent to the recording of the Preferred Ship's Mortgage See Exhibit C.

11. This Court has personal jurisdiction over the parties in that they have systematic and continuous contacts with the forum, including but not limited to owning or leasing property, and deriving income from Florida.

12. Venue is proper in this forum as the vessel is located in this district, defendant Linda L. Krantz reside and/or does business in the state, and purposely availed herself to the forum,, and the case or controversy arose in the forum.

13. The services allegedly provided by Linda L. Krantz are not maritime liens and appear on their face as executory contracts between Linda Krantz's company and the former owner and do not constitute necessaries, Preferred Maritime Liens or maritime liens.

14. On or about October 6, 2009 M&T Bank sent a demand to Defendant Krantz demanding removal of the claim of lien and requesting documentary support for the lien. See Exhibit D.

15. As of the filing of this Verified Complaint, defendant Krantz has failed to provide support for the alleged liens.

3

16.    The vessel's mortgage had a "no lien" clause and had a prohibition against allowing any liens to be placed on the vessel other than for salvage services. (See clause 9 Exhibit A)

17.    As a result of filing an improper claim of lien and refusing to remove said lien, Plaintiff M&T Bank, has been damaged including prevention and loss of sale and recovery of funds, additional dockage, storage and insurance, attorneys fees and costs and the cost of this litigation as can nearly be determined are in excess of **$75,000**.

18.    Plaintiff seeks this equitable relief because there is no adequate remedy at law and said improper lien constitute a cloud on the vessel's title preventing sale or transfer of the vessel.

## COUNT I-- IN PERSONAM CLAIM VS. LINDA KRANTZ PURSUANT TO 46 U.S.C. § 31343 (c)(2) and 28 U.S.C.§ 2201.

Plaintiff re-alleges and reaffirms paragraphs 1-18 and would further allege:

19.    Plaintiff seeks declaratory relief and an Order declaring that the claim of lien alleged by defendant is void, is not a lien or maritime lien or in the alternative, that if said claim is declared a maritime lien or liens, that they are inferior to the Preferred Ship's Mortgage held by M&T Bank Corporation, formerly known as Provident Bank.

20.    On or about July 11, 1998, Jesse S. Venerable executed a Preferred Ship's Mortgage in favor of Provident Bank on the M/V ENTERPRISE.

21.    Said Mortgage was duly recorded with the USCG on August 19, 1998 in Book 9895, Page 55. See Exhibit A.

22.    On or about May 22, 2009 M&T Bank merged with Provident Bank and the Mortgage and Promissory Note became assets of M&T Bank.

23. M&T Bank exercised its "self-help" option contained in the Security Agreement and Mortgage when debtor defaulted on the Preferred Ship's Mortgage and Promissory Note and repossessed the vessel and prepared it for sale.

24. Upon review of the vessel's Abstract on file with the USCG in preparation for selling the vessel at a non judicial sale, the improper lien was discovered.

25. Demand was made to remove the claim of lien or provide support that the services established a maritime lien and Defendant failed to remove the lien or provide proof of the debt or lien. See Exhibit D.

26. Defendant was also prevented from attaching a lien on the vessel pursuant to the Preferred Ship's Mortgage.

27. There is a real *bona fide* dispute and controversy between the parties and the only adequate relief is a declaration order as to the lien claims, their value and the lien priority under maritime law.

28. Currently, the recorded claim of lien prevents the sale and/or auction of the M/V ENTERPRISE and has caused and continues to cause Plaintiff to incur additional storage charges and costs and legal fees.

29. M&T Bank can post a Surety Bond with the Court if necessary to release the lien and allow a sale of the vessel while this action is pending.

30. Attorneys' fees, costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action and plaintiff is entitled to recover costs and fees from defendant if Plaintiff is a prevailing party pursuant to 46 U.S.C. § 31343 (c)(2).

31. Plaintiff has complied with all conditions precedent prior to bringing this action.

32.    Currently the vessel has inadequate equity to satisfy the preferred ship's mortgage and promissory note and any sale would not produce funds adequate to satisfy maritime liens or other liens inferior to the Preferred Ship's Mortgage.

33.    The vessel was repossessed on June 19, 2009 and claimant /defendant claims the lien attached on June 1, 2009 for $85,000 worth of services.

34.    The debtor is also responsible for attorneys fees and costs for this action pursuant to the Mortgage and Promissory Note.


WHEREFORE, M&T Bank Corporation prays for the following relief:

a.    For entry of an Order and Declaratory Judgment finding that the Claim of Lien recorded with the USCG by Linda Krantz is invalid and not a maritime lien or any other type of lien.

b.    A finding that M&T Bank is a prevailing party and is entitled to damages, including attorneys fees and costs proven and that the plaintiff may have such other and further relief as justice of the cause may require.

c.    In the alternative, should the Court find that the claim of lien is valid, then M&T requests a finding and declaration that said lien is inferior to the Preferred Ship's Mortgage pursuant to statutory and Maritime law and that the vessel's value is less that the Preferred Ship's Mortgage and fees owed by debtor, and further entering an order to allow a non-judicial sale of the vessel without satisfying the lien and that the plaintiff may have such other and further relief as justice of the cause may require.

Respectfully submitted this _30_ th Day of November 2009

Matthew J. Valcourt
Fla. Bar No. 0088791
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Email: mvalcourt@fowler-white.com
Attorneys for Plaintiff M&T Bank Corporation
Email: mvalcourt@fowler-white.com

## VERIFICATION

STATE OF FLORIDA

COUNTY OF MIAMI-DADE


BEFORE ME, the undersigned authority, personally appeared  Matthew J. Valcourt, Esq, who was duly sworn and says that he is the attorney for plaintiff, that he has read the foregoing Verified Complaint filed in this case and is familiar with its contents, which are true to the best of his knowledge information and belief.  The sources of his information and grounds for his belief are documents attached as exhibits, and correspondences and conversations with the plaintiff, M&T Bank and former employees of Provident Bank concerning the circumstances and facts set forth in the Verified Complaint.  This verification is made by Matthew J. Valcourt because the plaintiff is a corporation located in New York and none of the officers or directors are presently within the district. The undersigned states that he is authorized to make this representation on behalf of the plaintiff M&T Bank Corporation.

Matthew J. Valcourt


SWORN TO AND SUBSCRIBED before me this 30th day of November 2009 by

Signature of Notary Public, State of Florida


LISA   B.   TONEY

Print, Typed or Stamped Commissioned Name of Notary Public

Personally Known_____

Produced Identification_____

Type of Identification Produced:

LISA B. TONEY
Notary Public - State of Florida
My Comm. Expires Dec 21, 2012
Commission # DD 817563
Bonded Through National Notary Assn.

**Provident**
BANK OF MARYLAND

**FIRST PREFERRED SHIP MORTGAGE**

This FIRST PREFERRED SHIP MORTGAGE dated on 7/11, 19 98 is made under and on the whole (100%) of the Vessel ENTERPRISE
Official No. 694189. The Amount of this Mortgage, excluding interest, expenses, and fees, is $

VESSEL DOCUMENTATION CENTER
USCG
RECEIVED / FILED

19 AUG '98    11 : 4 0 AM

RECORDED:  BOOK 98.95 PAGE 55

DOCUMENTATION OFFICER

1. **PARTIES AND DEFINITIONS—Mortgagor(s):**

   JESSE S. VENABLE          (name)

   132 1st EAST APT 10101    (address)

   TIERRA VERDE, FL 33715

   who together with the Other Owners named below, if any, own(s) the whole (100%) of the Vessel. The respective interests in the Vessel of all multiple Mortgagors and/or Other Owners are as follows (state the interest of each):

   Mortgagee: **PROVIDENT BANK OF MARYLAND**
   Address:  7210 Ambassador Road
             Baltimore, Maryland 21244

   In this Mortgage the word **Borrower** means each and every person (individuals, partners, trustees, or corporations) who signs this Mortgage as Mortgagor and, where applicable, any Other Owner. If more than one person signs this Mortgage as Mortgagor, each Borrower separately, individually and jointly is responsible for paying the full amount of the Debt and doing everything required of Mortgagor. The word **Bank** means **PROVIDENT BANK OF MARYLAND**, or any other holder to whom this Mortgage may be assigned.

   In this Mortgage the word **Vessel** means the whole of the Vessel named and described herein and further described in her last marine document, if any, together with: (a) all masts, cables, engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, spare parts, apparel, furniture, fittings, fixtures, tools, pumps, equipment and supplies, radar and other electronic equipment, and all fishing equipment and other attachments, appurtenances, accessories, additions, improvements, replacements, substitutions, supplies and accessories of all kinds, affixed to or now housed in or on the Vessel or which may be housed in or on the Vessel in the future, whether or not removed from the Vessel, and (b) all freights, charter hire, earnings, income, revenue, profits and proceeds of sale or lease of the Vessel, or proceeds of requisition of title to the Vessel by governmental authority, if any, insurance claim payments and returned or unearned premiums, whether in the form of cash or other property, derived from the Vessel. If, however, Borrower is not a corporation and the Vessel is purchased primarily for Borrower's non-business use, the lien of this Mortgage shall not cover any items acquired by Borrower after the date of the instrument unless they are installed in or affixed to the Vessel.

2. **IDENTIFICATION OF VESSEL:**

| | | U.A.C.G. Official No. | 694189 |
|---|---|---|---|
| Name | ENTERPRISE | | |
| Vessel (State Identification No.) | | | |
| U.A.C.G Port | NVDC | State Registration No. | |
| State where Vessel will be principally used | | | |
| Summer Mooring (address) | | | |
| Winter (cruise (address)) | | | |

| Net Tons | | Gross Tons | |
|---|---|---|---|
| Manufacturer | | | L/O/A |
| Model/Model Year | | 1982 | Year Built | 1982 |
| Hull Material | FIBROUS REINFORCED PLASTIC | | ☐ New ☑ Used |
| Engine(s) | ☐ Diesel ☐ Other | H.P. | 2X |
| Engine Serial No. | P-01201649 | 6-01201604 | |
| Manufacturer | CATERPILLAR | | |

Optional Equipment Included

3. **SECURED OBLIGATION:** This Mortgage secures: (a) Borrower's obligations now due or which may become due in the future to Bank under this Mortgage and under a Marine Promissory Note dated 7/11, 19 9 8 requiring monthly payments of principal and interest in an amount sufficient to amortize the principal balance of the loan over a 20 year period with such payments beginning on 8/10, 199 8 and ending on 7/10, 20 15 and one final payment of the remaining principal balance plus accrued interest due on _____, 20 __ or such other note, promissory note, or debt instrument which Borrower executes and which is intended to be secured by this Mortgage (all hereinafter the "Instrument"), (b) payment of all costs, charges, expenses, and fees related to the Instrument ((a) and (b) hereinafter collectively referred to as the "Debt") and (c) the performance of all representations, warranties and promises as stated in this Mortgage or the Instrument. Borrower promises to pay the Debt and perform Borrower's obligations under this Mortgage and the Instrument.

4. **MORTGAGE CONVEYANCE:** In consideration of Bank's extension of credit and to secure the Debt, and subject to the terms and conditions contained in this Mortgage, Borrower hereby grants, mortgages, and conveys to Bank the whole of the Vessel, to have and to hold the whole of the Vessel unto Bank, Bank's successors and assigns, for Bank's use and benefit forever, provided that if Borrower repays the Debt and keeps all other promises made in and secured by this Mortgage, then this Mortgage and the estate and rights hereby granted shall cease and shall be void. Borrower also hereby grants to Bank a security interest in any and all of Borrower's funds or property on deposit with or held by Bank (except for any funds in any IRA, Keogh or other retirement account) as security for Borrower's obligations under this Mortgage including, but not limited to, the repayment of the Debt.

5. **GOVERNING LAW:** This Mortgage shall be deemed to be a mortgage under the laws of the State of Maryland and shall, for all purposes, be construed in accordance with the laws of the United States, including, but not limited to, Chapter 313, Title 46, U.S. Code, which shall govern the interest rate applicable to the Debt secured by this Mortgage, and to the extent that federal law does not apply, this Mortgage shall be construed in accordance with the internal laws of the State of Maryland.

6. **CITIZENSHIP:** Borrower represents and warrants that Borrower is and shall continue to be a citizen of the United States as required by the laws pertaining to the documentation and any trading privileges of the Vessel until this Mortgage is fully paid and performed. Borrower shall provide Bank such proof of Borrower's citizenship at such time(s) and in such form(s) as Bank may reasonably require. Borrower warrants that the Vessel always shall be under the command of a citizen of the United States.

7. **FEDERAL DOCUMENTATION:** The Vessel is, or is in the process of being, documented in Borrower's name under the laws of the United States and Borrower agrees to cooperate in regard to and pay all costs of such federal documentation and the filing and recording this Mortgage.

8. **GOOD STANDING OF CORPORATE MORTGAGOR, PARTNERSHIP, TRUST:** If this Mortgage is given by a corporation, Borrower warrants that Borrower is properly incorporated and validly exist under the laws of the state of Borrower's incorporation and Borrower will continue in good standing under the laws of the state of Borrower's incorporation and Borrower will continue to be qualified to do business (if required to do so by applicable law) in every

NATIONAL VESSEL DOCUMENTATION CENTER
U.S. COAST GUARD
I HEREBY CERTIFY THIS TO BE A TRUE COPY
OF THE RECORDS OF THIS OFFICE

6/30/09
DATE



**EXHIBIT**

A

state in which Borrower does business until this Mortgage is fully paid and performed. If this Mortgage is given by a partnership or a trust, Borrower shall not, without Bank's prior written permission, add or remove any partners, amend the partnership agreement or dissolve the partnership, add or remove any trustees, or amend the trust agreement or revoke the trust, until this Mortgage is fully paid and performed. Borrower shall not, without 30 days prior written notice to Bank, change Borrower's name, identity, or ownership. Borrower represents and warrants that the execution, delivery, and performance of this Mortgage by Borrower or on Borrower's behalf is duly authorized by all necessary corporate or partnership action or by all trustees, as appropriate, and does not contravene any articles of incorporation, bylaws, agreements, or trusts, as they may apply to Borrower.

**9. LIENS:** Borrower warrants that at the date of this Mortgage, the Vessel is free from all prior liens and encumbrances except for the lien created in Bank's favor to secure the Debt. Neither Borrower nor anyone else has or shall have any authority to create, incur, or permit to be placed or imposed on the Vessel or any part thereof any lien whatsoever, including any maritime lien, other than to Bank, or for crew's wages, or for salvage. Borrower shall post such notice on the Vessel and Borrower shall otherwise give such notice to that effect at such time(s) as Bank may reasonably require. If any maritime lien on the Vessel arises or is claimed, Borrower agrees that Borrower will, within 30 days from inception of the lien claim, satisfy the lien claim or post adequate security to release the Vessel from the lien claim.

**10. TITLE WARRANTY:** Borrower represents and warrants that Borrower lawfully owns the whole (100%) of the Vessel.

**11. RISK OF LOSS; INSURANCE:** (a) At all times, Borrower bears the risk of damage to, theft, destruction or other loss of the Vessel. Damage, theft, destruction, or other loss of the Vessel will not release Borrower from Borrower's obligations to Bank. Borrower agrees to let Bank know as soon as possible, and in any event within 48 hours, if the Vessel becomes damaged, is stolen or destroyed, or disappears. (b) Until this Mortgage is fully paid and performed, Borrower agrees to maintain in full force and effect fire, theft, and 'all risk' marine hull and machinery and protection and indemnity insurance on the Vessel, and such other insurance covering such risks and perils, upon such terms and in such amounts and with such endorsements as Bank may reasonably require. In addition to protecting Borrower, the insurance must protect Bank as a loss payee and as an additional insured (without liability for payment of premium) and must be written for at least one year at a time. The amount of Borrower's marine hull and machinery insurance shall not be less than the market value of the Vessel or the unpaid amount of the Debt, whichever is greater (except as otherwise restricted by law). The underwriter and maximum deductible on Borrower's insurance must be reasonably satisfactory to Bank. (c) Bank may sign any proof of loss and endorse any check, draft, or other form of payment issued by the insurance company or its agent as a loss payment and Borrower hereby appoints Bank as Borrower's attorney in fact for this purpose. This power of attorney shall not be affected by Borrower's disability. Proceeds of the insurance may be used either to repair the Vessel or to reduce the Debt, at Bank's discretion. (d) If Borrower's insurance lapses or is cancelled at any time before this Mortgage is fully paid and performed, Bank must be given prompt notice of said lapse or cancellation. In the event of lapse or cancellation, or in the event of Borrower's failure to pay any premiums when due or otherwise to provide or maintain insurance coverage, Bank may, but is not obligated to, buy replacement coverage protecting Borrower and Bank, or Bank alone.

**12. USE OF VESSEL:** Borrower promises that at no time prior to payment of the Debt in full will Borrower use the Vessel for any commercial purpose, as Borrower's principal dwelling, or for bareboat charter without Bank's express prior written consent. Unless Borrower is in default under this Mortgage and Bank exercises any of its remedies upon default, Borrower will be permitted to retain actual possession and use of the Vessel. The Vessel may be operated only for pleasure, unless Bank otherwise agrees in writing. The Vessel may be operated only within the geographical limits and other requirements of the marine insurance covering the Vessel. Borrower shall not dispose of or transfer the Vessel or any part of Borrower's interest in the Vessel, without Bank's prior written permission. Borrower shall not use, nor allow the use of, the Vessel for any illegal purpose or contrary to any provision of the laws, treaties, regulations or orders of the United States or other jurisdictions in which the Vessel is operated including, but not limited to, commerce in, or possession, carriage, or use of, any firearms or controlled substance.

**13. CHANGES OF LOCATION:** Except for voyages from which Borrower intends to return, Borrower shall not, without our prior written approval, move the Vessel from the place(s) where it is customarily moored in summer or stored in winter, as the case may be, or change the State in which the Vessel is principally used. Borrower shall inform Bank within 30 days of any change in Borrower's residence or place of business.

**14. DISPLAY OF MORTGAGE ON VESSEL:** Borrower shall prominently display and keep the marine document and a certified copy of this Mortgage, as executed, with the ship's papers on the Vessel in a location such as the pilot house, chart room, or master's cabin, if any. Borrower shall show these documents to Bank and to all persons having business with the Vessel on demand.

**15. DUTY TO MAINTAIN VESSEL:** Borrower agrees to keep the Vessel in good condition and repair at all times. Borrower shall not, without our prior written consent, make any substantial change or alteration in the Vessel, her structure, rigging, or engines.

**16. DUTY TO PAY VESSEL EXPENSES:** Borrower agrees to pay when due all lawful repair bills, storage bills, dockage charges, taxes, fines, or other charges with respect to the Vessel. Bank may, but do not commit to, pay any of these bills or charges if Borrower does not.

**17. SEIZURE OF VESSEL:** Borrower shall notify Bank promptly, and in any event within 48 hours, by telephone, confirmed by telegraph, cable or facsimile, if the Vessel is arrested, libeled, attached, detained, seized or levied upon or taken into custody, or if Borrower becomes aware that any claim of lien upon the Vessel has been filed or prosecuted. Borrower shall immediately take steps to have the Vessel released or taken such other steps as Bank may reasonably require, including posting bond or security for the Vessel.

**18. INSPECTION OF VESSEL AND BOOKS; REPORTS:** Borrower shall at all times let Bank inspect the Vessel and everything in it or on it and let Bank examine its cargoes and papers (including, but not limited to, any relevant certificate of title, license, certificate of documentation or other vessel document, ship mortgage and policy of insurance) and Borrower's related accounts, books and records.

**19. REIMBURSEMENT OF MORTGAGEE:** If Bank expends funds for any purpose under this Mortgage (including for the purpose of exercising any of Bank's remedies) or the protection of Bank's interest in the Vessel, such as payment of taxes, insurance premiums, maintenance and repair of the Vessel, or discharge of any lien claim, arrest or seizure of the Vessel, such expenditures will be for Borrower's account and Borrower will repay Bank the full amount of such expenditure on demand, with interest at the highest rate applicable to any of the Debt, and all such unpaid amounts shall constitute an additional part of the Debt secured by this Mortgage until paid in full. Bank is not obligated to make any such expenditure. Any such expenditure Bank may make will not cure Borrower's default or waive any of Bank's rights or remedies.

**20. FURTHER ASSURANCES:** From time to time Borrower shall sign and deliver to Bank any document and assurances, or complete any markings, that Bank may reasonably require to document and maintain the documentation of the Vessel under the laws of the United States, to obtain and maintain the priority and first preferred status of this Mortgage under the laws of the United States, and to help Bank carry out a resale or other disposition of the Vessel in the event it becomes necessary for Bank to repossess the Vessel or to judicially foreclose this Mortgage. Borrower further agrees to provide Bank with such reasonable assurances and certifications as Bank may request from time to time to ensure that Borrower is in complete compliance with the terms of this Mortgage or the Instrument including any financial statements, tax returns or other financial data which Bank may reasonably request. Borrower hereby appoints Bank as Borrower's attorney-in-fact for all of the foregoing purposes, and this power of attorney shall not be affected by Borrower's disability.

**21. DEFAULT:** Borrower shall be in default under this Mortgage if, at any time, (1) any payment or any other sum is not paid when it is due under the Instrument or this Mortgage; or (2) Borrower breaches any warranty, promise or agreement Borrower has made in this Mortgage, the Instrument, or any other instrument or security agreement made by Borrower in Bank's favor effective now or in the future; or (3) Borrower dies or becomes incompetent or otherwise unable to make timely payments of any sum due under the Instrument or this Mortgage; or (4) Borrower becomes insolvent; or (5) any receivership, insolvency or similar proceeding, or any assignment for the benefit of creditors, shall be instituted by or against Borrower; or (6) the Vessel is arrested, attached, levied upon, seized, or made the subject of any legal proceeding, or held by virtue of any lien or distress, or any notice of claim of lien on the Vessel is filed with the U.S. Coast Guard or any other applicable authority; or (7) Borrower has made a false or misleading statement about any material fact in this Mortgage, the Instrument, or Borrower's application for credit; or (8) any other event occurs that Bank in good faith believes jeopardizes or impairs the value of our collateral for Borrower's obligation under this Mortgage or Bank's ability to realize that value in a foreclosure.

**22. REMEDIES UPON DEFAULT:** If Borrower is in default under this Mortgage and/or under the Instrument, Bank may do any one or more of the following with or without previous notice to Borrower or demand for performance except as may be required under applicable law: (1) require that Borrower pay immediately the full unpaid balance of Borrower's Debt; (2) set off Borrower's liability against or foreclose any funds of Borrower's held by Bank in an account

of general deposit or other personal property of Borrowers held by Bank other than IRA accounts, Keough pension plan accounts or other retirement accounts; (3) demand that Borrower assemble and deliver the Vessel to Bank at such location as Bank may reasonably require (however, Borrower's delivery of the Vessel to Bank will not relieve Borrower of Borrower's obligation to satisfy any deficiency which may arise upon subsequent sale or other disposition of the Vessel); (4) lawfully enter any premises where the Vessel may be located and repossess the Vessel, together with anything in or on the Vessel, with or without legal process or judicial decree and with or without previous notice or demand for performance; (5) sell or otherwise dispose of the Vessel; (6) bring suit at law, in equity, or in admiralty to foreclose this Mortgage and/or recover judgment for any and all amounts due under the Instrument and this Mortgage, and collect the same out of any and all property covered by this Mortgage; (7) pursue any other remedy provided to Bank under any applicable law; (8) refer this Mortgage to an attorney for collection or enforcement; (9) require Borrower to pay collection, enforcement and collection of any amount due and payable under this Mortgage and/or the Instrument and all actual and reasonable costs and expenses of retaking, maintaining, repairing or rehabilitating, advertising, cleaning, storing or selling the Vessel, to the extent permitted by law. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the applicable judgment rate or, if permitted by law, at the interest rate applicable to the Debt, at Bank's discretion. In addition to the remedies set forth above, in the event the Vessel is seized, Borrower authorizes Bank to disclose any information which Bank deems necessary to protect Bank's interest in the Vessel and Borrower further authorizes Bank or Bank's agents in Borrower's name and as Borrower's attorney in fact to (i) receive or take possession of the Vessel, and (ii) defend any action and/or discharge any lien.

**22. RECOVERY OF PERSONAL BELONGINGS:** If this Mortgage is enforced by nonjudicial repossession of the Vessel, Borrower may claim any of Borrower's personal belongings that were in or on the Vessel at the time of repossession only if Borrower sends Bank notice by registered mail of Borrower's intent to claim such belongings within 48 hours after repossession. Once Bank notifies Borrower by mail as to where these belongings may be called for, Borrower must pick them up within 30 days after receipt of said notice or Borrower will have no further claim to them. In any case, Bank shall not be liable for any such belongings or for any damage to them.

**24. DISPOSITION OF VESSEL; APPLICATION OF PROCEEDS:** (a) If Bank repossess the Vessel without judicial process, Bank may, in Borrower's name or Bank's, at Bank's discretion, sell, lease, charter, operate or otherwise use the Vessel as Bank may deem advisable, without being responsible for loss or damage, and Bank may keep the Vessel at Borrower's premises or elsewhere, at Borrower's expense. For this purpose and subject to any applicable state regulation, Bank and Bank's agents are irrevocably appointed Borrower's true and lawful attorneys in fact to make all necessary transfers of the Vessel, to pay, defend or obtain the release of all maritime liens, and to take all related actions in Borrower's name and stead as may be necessary and appropriate to enforce Bank's rights under the Mortgage or the Instrument. This power of attorney shall not be affected by Borrower's disability. (b) The proceeds of any sale or other disposition of the Vessel shall be applied in accordance with applicable law. To the extent permitted by applicable law, any late charges, costs of retaking the Vessel, storage, costs of sale including, but not limited to, cleaning, repairing and/or maintenance expenses, auctioneer's fee, sales commission, if any, and advertising, insurance, allowable attorney's fees, collection costs, court costs, and other necessary expenses will be paid first from the proceeds of the sale or other disposition of the Vessel. Any surplus of proceeds of sale or disposition of the Vessel over the amounts of such charges and expenses and amounts owed to Bank shall be paid to Borrower to the extent that such surplus is not required by law to be paid to other persons with liens on the Vessel; Borrower shall be liable for any deficiency.

**25. RECEIVER:** In any legal action, Bank may have a receiver appointed for the Vessel and its earnings. Any receiver shall have full rights and powers to use and operate the Vessel pending its disposition or to obtain a court decree ordering and directing the sale or other disposition of the Vessel.

**26. REASONABLE ATTORNEY'S FEES:** Whenever under this Mortgage or the Instrument Bank is entitled to payment by Borrower of Bank's reasonable attorney's fees incurred to enforce Bank's collection rights against Borrower, it shall be presumed that 15% of the full amount owed under the Instrument and this Mortgage shall be a reasonable attorney's fee unless otherwise required by applicable law.

**27. NO WAIVER:** Bank may delay in enforcing or fail to enforce any of Bank's rights without waiving Bank's right to enforce such rights or any other rights at a later time. Bank's rights and remedies under this Mortgage are cumulative and not exclusive. No action that Bank takes to protect Bank's interest under this Mortgage or the Instrument shall cure any default by Borrower under this Mortgage or the Instrument, nor shall it prohibit Bank from declaring Borrower's Debt immediately due and payable. No waiver by Bank of any of Bank's rights will be effective unless in writing and signed by Bank.

**28. TIME IS OF THE ESSENCE:** Time is of the essence of this Mortgage.

**29. VALIDITY; AMENDMENT:** If any provision of this Mortgage cannot be enforced, the rest of the Mortgage will remain in effect as though the unenforceable provision had never been included. No amendment of this Mortgage will be valid unless in writing and signed by both Borrower and Bank.

**30. ASSIGNMENT:** This Mortgage may be assigned by Bank at any time without prior notice to Borrower. If this Mortgage is assigned, Borrower's rights and obligations under the Mortgage will be transferred with it. After any assignment, Bank shall have no responsibility to Borrower under this Mortgage, but Bank shall keep all rights and powers not so assigned.

**31. PREFERRED STATUS OF MORTGAGE:** No part of this Mortgage shall be construed as a waiver of the first preferred status of this Mortgage. If, in addition to the Vessel, this Mortgage covers property that is not a vessel, this Mortgage shall not be construed to authorize a civil action in rem in admiralty to enforce Bank's rights against such additional property.

**32. NOTICE:** Any notice required or permitted to be given hereunder shall be deemed properly given: (a) upon delivery, if delivered in person or by overnight courier, or (b) three (3) days after mailing by first-class or certified mail, postage prepaid, to each party at the address for each party specified in Section 1 of this Mortgage, or to such other address as either party may designate by written notice given to the other.

**33. CONFLICT OF TERMS:** This Mortgage, the Instrument, and any other papers executed in connection with this transaction shall be construed consistently with one another to the extent possible. In the event of any conflict between the terms of this Mortgage and the terms of the Instrument, or any other document related to this transaction, the terms of this Mortgage shall control.

**34. ENTIRE AGREEMENT:** This Mortgage, together with the Instrument and any related papers, is the entire agreement between Bank and Borrower. There are no oral representations, warranties or agreements between Bank and Borrower.

AS OF THE DAY and year written at the beginning of this Mortgage, Borrower has executed this Mortgage under seal, or if a corporation, caused this Mortgage to be executed in the corporate name and sealed (if a corporate seal has been adopted) by its corporate officers or agents who were duly authorized to do so on behalf of the corporation, or if a partnership, caused this Mortgage to be executed under seal by all of its general partners duly authorized on behalf of the partnership and their own behalf, individually, or if a trust, caused this Mortgage to be executed under seal by all of its trustees on behalf of the trust pursuant to authority granted by the trust:

Date: _____ 98                        MORTGAGOR(S)

Witness: _____        _____ (Seal)
                                        JESSE S. VENABLE

Date: / /

Witness: _____        _____ (Seal)

Date: / /

Witness: _____        By: _____
                                        Attorney in Fact for the Mortgagor(s)

Page 3

**OTHER OWNERS:** Each person who signs this Mortgage as an Other Owner does not thereby become personally liable on the Instrument or for the Debt, but each Other Owner does make all of the other warranties and promises of the Mortgagor herein. Bank may make any accommodations with regard to the terms of this Mortgage or the Instrument without notifying or obtaining the consent of such Other Owner and without releasing such Other Owner or modifying this Mortgage as to that Other Owner's interest in the Vessel.

**THE FOLLOWING OTHER OWNER(S) JOIN IN GRANTING BANK THIS MORTGAGE LIEN AND AGREE TO THE TERMS AND CONDITIONS OF THIS MORTGAGE.**

| OTHER OWNER #1 | | OTHER OWNER #2 |
|---|---|---|
| _____ | (SEAL) | _____ |
| _____ | (Name) | _____ |
| _____ | (Address) | _____ |
| | | |
| _____ | % Interest Owned | _____ |
| _____ | Date | |
| By: _____ | | By: _____ |
| Attorney in Fact for Other Owner #1 | | Attorney in Fact for Other Owner #2 |
| | Witness | |

### ACKNOWLEDGMENT (INDIVIDUAL)

STATE OF ___Florida___ )

COUNTY OF ___Pinellas___ )

) ss 1577 46 26 55

I HEREBY CERTIFY that on this 11 day of July , 1998, before me, a Notary Public, personally appeared ___JESSE S. VENABLE___ (known to me or satisfactorily proven) who acknowledged that he/she/they executed the foregoing Mortgage of his/her/their own free act and deed for the uses and purposes set forth herein.

In witness whereof, I hereunto set my hand and official seal.

MARY VON LOSSBERG
My Comm Exp. 5/5/2002
No. CC 739929
(Personally Known) (SEAL)

_____
Notary Public

My Commission Expires: 5/5/2002

### ACKNOWLEDGMENT (CORPORATION)

STATE OF _____

COUNTY OF _____

I HEREBY CERTIFY that on this ___ day of _____, 199___, before me, a Notary Public, personally appeared _____ and _____ who, being duly sworn, deposed and said that they are the _____ and _____ of _____, incorporated in the State of _____, the corporation which is described herein, and that by order of the directors of the said corporation they executed the foregoing Mortgage and they acknowledged it to be the free act and deed of said corporation.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

[SEAL] My Commission Expires: _____

MARINE SECURITY AGREEMENT

made as of the __11__ day of __July__, 1998, on the VESSEL __ENTERPRISE__.

GRANTER(S)   JESSE S. VENABLE
ADDRESS :    132 1ST EAST #10-101
             TIERRA VERDE, FL  33715

SECURED PARTY:      PROVIDENT BANK OF MARYLAND
                    7210 Ambassador Road
                    Baltimore, Maryland 21244

    In this Agreement the word "Borrower" means each and every person (individuals, partners, trustees, or corporations) who signs this Agreement as Granter, and where applicable, any Other Owner. If more than one of Borrower signs this Agreement, each of Borrowers separately, individually and jointly is responsible for paying the full amount of the Debt.

    The word "Bank" means the Secured Party, PROVIDENT BANK OF MARYLAND, or any other holder to whom this Agreement may be assigned.

IDENTIFICATION OF VESSEL:

Name __ENTERPRISE__                                      U.S.C.G. Official No. __694189__

Vessel (Hull) Identification No. __694189__

U.S.C.G. port __FALLING WATERS, WV__                    State Registration No. __N/A__

State where Vessel will be principally used __FLORIDA__

Summer Mooring (address) __132 1ST EAST STREET, TIERRA VERDE, FLORIDA__

Winter Storage (address) __SAME__

| Net Tons | Gross Tons | |
|---|---|---|
| Manufacturer __SWEEPING BOAT YARD__ | | L/O/A __70'__ |
| Model/Model Year __70/1982__ | Year Built __1982__ | |
| Hull Material __FIBERGLASS__ | | ☐ New   ☒ Used |
| Engine: ☐ Gas ☒ Diesel ☐ Year Built __1982__ | H.P. __2X320__ | |
| Engine Serial No(s). __01Z01649 & 01Z01604__ | | |
| Manufacturer __CATERPILLAR__ | | |

Optional Equipment Included

SECURED OBLIGATION: This Agreement secures: (a) Borrower's obligations now due or which may become due in the future to Bank under this Agreement and under a Marine Promissory Note dated _____, 19 __98__ or requiring monthly payments of principal and interest in an amount sufficient to amortize the principal balance of the loan over a __20__ year period with such payments beginning on _____, 1998 and ending on _____ 2018 _____ and one final payment of the remaining principal balance plus accrued interest due on ___ or such other note, promissory note, or debt instrument which Borrower executes and which is intended to be secured by this Mortgage (all hereinafter the "Instrument"), b) payment of all costs, charges, expenses, and fees related to the instrument (a)and b) hereinafter collectively referred to as the "Debt") and (c) the performance of all representations, warranties and agreements as stated in this Agreement or the Instrument. Borrower promises to pay the Debt and perform Borrower's obligations under this Agreement and the Instrument.

CONVEYANCE OF SECURITY: In consideration of Bank extension of credit and to secure the Debt, and subject to the terms and conditions contained in this Agreement, and with the understanding that such extension of credit would not have been granted without this Agreement as security, Borrower hereby grants and conveys to Bank a security interest in: (a) the Vessel, together with all masts, cables, engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, spare parts, apparel, furniture, fitting, fixtures, tools, pumps, equipment and supplies, radar and other electronic equipment, and all fishing equipment and other attachments, accessions, appurtenances, accessories, additions, improvements, replacements, substitutions, supplies and necessaries of all kinds, affixed to or now used in or on the Vessel or which may be used in or on the Vessel in the future, whether or not removed from the Vessel, (b) all freights, charter hire, earnings, income, revenue, profits and proceeds of sale or lease of the Vessel, or proceeds of requisition of title to the Vessel by governmental authority, if any, insurance claim payments and returned or unearned premiums, whether in the form of cash or other property, derived from the Vessel and (c) any and all of Borrower's funds or property on deposit with or held by Bank (except for any funds in any IRA, Keogh or other retirement account). If, however, Grantor is not a corporation and the Vessel is purchased primarily for Borrower's non-business use, the security interest under this Agreement shall not cover any items acquired by Borrower after the date of the Instrument unless they are installed in or affixed to the Vessel.

TERMS AND CONDITIONS

1.   FEDERAL DOCUMENTATION: If the Vessel is subject to documentation under the laws of the United States in Borrower's name, Borrower agrees that the Vessel shall be documented in Borrower's name and that a First Preferred Ship Mortgage on the Vessel in Bank favor will be filed and recorded with the U.S. Coast Guard. Borrower agrees to cooperate in regard to and pay all costs of federal documentation and filing and recording the First Preferred Mortgage of Vessel in Bank favor. In addition, Bank may require that Borrower registers the Vessel with the appropriate authority in the state of principal use of the Vessel as specified above and that Bank's security interest be perfected under state law, whether through the filing of a financing statement, or notation on a certificate of title, or both. Borrower agrees to cooperate in regard to and pay all costs of registration of the Vessel and perfection of Bank security interest under state law. Borrower also agrees to pay all applicable taxes and fees due and owing under the laws of any state with respect to the Vessel, its purchase and use, including but not limited to the state of the Vessel's principal use.

2.   GOOD STANDING OF CORPORATE GRANTOR, PARTNERSHIP, TRUST: If this Agreement is given by a corporation, Borrower represents and warrants that Borrower is properly incorporated and validly exists under the laws of the state of Borrower's incorporation and Borrower will continue in good standing under the laws of the state of Borrower's incorporation and Borrower will continue to be qualified to do business (if required to do so by applicable law) in every state in which Borrower does business until this Agreement is fully paid and performed. If this Agreement is given by a partnership or a trust, Borrower shall not, without Bank prior written permission, add or remove any partners, amend the partnership

1

EXHIBIT

B

they may apply to Borrower.

3.    **LIENS:** Borrower warrants that at the date of this Agreement, the Vessel is free from all prior liens and encumbrances except for the lien created in Bank favor to secure the Debt. Neither Borrower nor anyone else has or shall have any authority to create, incur, or permit to be placed on the Vessel or any part thereof any lien whatsoever, including any maritime lien, other than to Bank, or for crew's wages, or for salvage. Borrower shall post such notice on the Vessel and Borrower shall otherwise give such notice to that effect at such time(s) as Bank may reasonably require. If any maritime lien on the Vessel arises or is claimed, Borrower agrees that  Borrower will, within 30 day from inception of the lien claim, satisfy the lien claim or post adequate security to release the Vessel from the lien claim.

4.    **TITLE WARRANTY:** Borrower represents and warrants that Borrower lawfully owns the whole (100%) of the Vessel.

BORROWER GRANTS BANK THE SECURITY INTEREST DESCRIBED ABOVE AND AGREES TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

Borrower acknowledges a completely filled-in copy of this Agreement before signing it. As of the day and year written at the beginning of this Agreement, Borrower has executed this Agreement under seal, or if a corporation, caused this Agreement to be executed in the corporate name and sealed (if a corporate seal has been adopted) by its corporate officers or agents who were duly authorized to do so on behalf of the corporation, or if by a partnership, caused this Agreement to be executed under seal by all of its general partners duly authorized on behalf of the partnership and their own behalf, individually, or if a trust, caused this Agreement to be executed under seal by all of its trustees on behalf of the trust pursuant to authority granted by the trust.

Date: 7/14/98          GRANTOR(S) _____ (Seal)

Witness: _____          (JESSE J. VENABLE)

Date: 7/14/98

Witness: _____          Mary von Lossberg (name)

MARY VON LOSSBERG
My Comm Exp. 5/5/2002
No. CC 739929
[ ] Personally Known  [ ] Other I.D.

THE FOLLOWING OTHER OWNER(S) JOIN IN GRANTING BANK THE SECURITY INTERESTS DESCRIBED ABOVE AND AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

| OTHER OWNER #1 | OTHER OWNER #2 |
| --- | --- |
| | (SEAL) _____ |
| _____ | (Name) _____ |
| _____ | (Address) _____ |
| _____ | _____ |
| _____ | _____ |
| | Date _____ |
| By : _____ | By : _____ |
| Attorney In Fact for Other Owner #1 | Attorney in Fact for Other Owner #2 |
| | Witness _____ |

5.    **RISK OF LOSS, INSURANCE:** (a) At all times, Borrower bears the risk of damage to, theft, destruction or other loss of the Vessel. Damage, theft, destruction, or other loss of the Vessel will not release Borrower from Borrower's obligations to Bank. Borrower agrees to let Bank know as soon as possible, and in any event within 48 hours, if the Vessel becomes damaged, is stolen or destroyed, or disappears. (#) Until this Agreement is fully paid and performed, Borrower agrees to maintain in full force and effect fire, theft, and "all risk" marine hull and machinery and protection and indemnity insurance on the Vessel, and such other insurance covering such risks and perils, upon such terms and in such amount and with such endorsements as Bank may reasonably require. In addition to protecting Borrower, the insurance must protect Bank as a loss payee and as an additional insured (without liability for payment of premium) and must be written for at least one year at a time. The amount of Borrower's marine hull and machinery insurance shall not be less than the market value of the Vessel or the unpaid amounts of the Debt, whichever is greater (except as otherwise restricted by law) The underwriter and maximum deductible on Borrower insurance must be reasonably satisfactory to Bank. (c) Bank may sign any proof of loss and endorse any check, draft, or other form of payment issued by the insurance company or its agent as a loss payment and Borrower hereby appoints Bank as Borrower's attorney-in-fact for this purpose. This power of attorney shall not be affected by Borrower's disability. Proceeds of the insurance may be used either to repair the Vessel or to reduce the Debt, in Bank discretion. (d) If Borrower's insurance lapses or is cancelled at any time before this Agreement is fully paid and performed, Bank must be given prompt notice of said lapse or cancellation. In the event of lapse or cancellation, or in the event of Borrower's failure to pay any premiums when due or otherwise to provide or maintain insurance coverage, Bank may, but is not obligated to, buy replacement coverage protecting Borrower and Bank, or Bank alone.

6.    **USE OF VESSEL:** Borrower promises that at no time prior to payment of the Debt in full will Borrower use the Vessel for any commercial purpose, as Borrower's principal dwelling, or for bareboat charter without Bank express prior written consent. Unless Borrower is in default under this Agreement and Bank exercises any of Bank's remedies upon default, Borrower will be permitted to retain actual possession and use of the Vessel. The Vessel may be operated only for pleasure, unless Bank otherwise agrees in writing. The Vessel may be operated only within the geographical limits and other requirements of the marine insurance covering the Vessel. Borrower shall not dispose of or transfer the Vessel or any part of Borrower interest in the Vessel, without Bank's prior written permission. Borrower shall not use, nor allow the use of, the Vessel for any illegal purpose or contrary to any provision of the laws, treaties, regulations or orders of the United States or other jurisdictions in which the Vessel is operated including, but not limited to, commerce in, or possession, carriage, or use of, any firearms or controlled substance.

2

State in which the Vessel is principally used. Borrower shall inform Bank within 30 days of any change in Borrower's residence or place of business.

8.        DUTY TO MAINTAIN VESSEL: Borrower agrees to keep the Vessel in good condition and repair at all times. Borrower shall not, without Bank's prior written consent, make any substantial change or alteration in the Vessel, its structure, rigging, or engines.

9.        DUTY TO PAY VESSEL EXPENSES: Borrower agrees to pay when due all lawful repair bills, storage bills, dockage charges, taxes, fines, or other charges with respect to the Vessel, its purchase or use. Bank may, but does not commit to, pay any of these bills or charges if Borrower does not.

10.        SEIZURE OF VESSEL: Borrower shall notify Bank promptly, and in any event within 48 hours, by telephone, confirmed by telegraph, cable or facsimile, if the Vessel is arrested, libeled, attached, detained, seized or levied upon or taken into custody, or if Borrower becomes aware that any claim of lien upon the Vessel has been filed or prosecuted. Borrower shall immediately take steps to have the Vessel released or take such other steps as Bank may reasonably require, including posting bond or security for the Vessel.

11.        INSPECTION OF VESSEL AND BOOKS, REPORTS: Borrower shall at all times let Bank inspect the Vessel and everything in it or on it and let Bank examine its cargoes and papers (including, but not limited to, any relevant certificate of title, license, certificate of documentation or other vessel document, ship mortgage and policy of insurance) and Borrower's related accounts, books and records.

12.        REIMBURSEMENT OF SECURED PARTY: If Bank expends funds for any purpose under this Agreement (including for the purpose of exercising any of Bank remedies) or the protection of Bank interest in the Vessel, such as payment of taxes, insurance premiums, maintenance and repair of the Vessel, or discharge of any lien claim, arrest or seizure of the Vessel, such expenditure will be for Borrower's account and Borrower will repay Bank the full amount of such expenditure on demand, with interest at the highest rate applicable to the Debt, and all such unpaid amounts shall constitute an additional part of the Debt secured by this Agreement until paid in full. Bank is not obligated to make any such expenditure. Any such expenditure Bank may make will not cure Borrower's default or waive any of Bank rights or remedies.

13.        FURTHER ASSURANCES: From time to time Borrower shall sign and deliver to Bank any document and assurances, or complete any markings, that Bank may reasonably require to obtain and maintain a first priority security interest and/or First Preferred Ship Mortgage lien in the Vessel, and to help Bank carry out a resale or other disposition of the Vessel in the event it becomes necessary for Bank to repossess the Vessel or to foreclose Bank security interest or mortgage lien through judicial process. Borrower hereby appoints Bank as Borrower's attorney-in-fact for all of the foregoing purposes, and this power of attorney shall not be affected by Borrower's disability.

14.        DEFAULT: Borrower shall be in default under this Agreement if, at any time, (1) any payment or any other sum is not paid when it is due under the Instrument or this Agreement; or (2) Borrower breaches any warranty, promise or agreement Borrower has made in this Agreement, the Instrument, or any other instrument or security agreement made by Borrower in Bank favor effective now or in the future; or (3) Borrower dies or becomes incompetent or otherwise unable to make timely payments of any sum due under the Instrument or this Agreement; or (4) Borrower becomes insolvent; or (5) any receivership, insolvency or similar proceedings, or any assignment for the benefit of creditors, shall be instituted by or against Borrower; or (6) the Vessel is arrested, attached, levied upon, seized, or made the subject of any legal proceeding, or held by virtue of any lien or distress, or any notice of claim of lien on the Vessel is filed with the U.S. Coast Guard or any other applicable authority; or (7) any other event occurs that Bank in good faith believes endangers Borrower's ability to pay any sum due under the Instrument or this Agreement; or (11) any other event occurs that Bank in good faith believes jeopardizes or impairs the value of Bank collateral for Borrower's obligation under this Agreement or Bank ability to realize that value in a foreclosure.

15.        REMEDIES UPON DEFAULT: If Borrower is in default under this Agreement and/or under the Instrument, Bank may do any one or more of the following with or without previous notice to Borrower or demand for performance, except as may be required by applicable law: (1)require that Borrower pay immediately the full unpaid balance of Borrower's Debt; (2) set off Borrower's liability against or foreclose any funds of Borrowers held by Bank in an account of general deposit or other personal property of Borrowers held by Bank other than IRA accounts, Keough pension plan accounts or other retirement accounts; (3)demand that Borrower assemble and deliver the Vessel to Bank at such location as Bank may reasonably require (however, Borrower's delivery of the Vessel to Bank will not relieve Borrower of Borrower's obligation to satisfy any deficiency which may arise upon subsequent sale or other disposition of the Vessel; (4) lawfully enter any premises where the Vessel may be located and repossess the Vessel, together with anything in or on the Vessel, with or without legal process or judicial decree and with or without previous notice or demand for performance; (5) sell or otherwise dispose of the Vessel; (6) bring suit at law, in equity, or in admiralty to foreclose Bank security interest and/or recover judgment for any and all amounts due under the Instrument and this Agreement, and collect the same out of any and all property covered by this Agreement; (7) pursue any other remedy provided in Bank under any applicable law; (8) refer this Agreement to an attorney for collection or enforcement; (9)require Borrower to pay collection, enforcement and court costs, including but not limited to all actual and reasonable costs of foreclosure, enforcement and collection of any amount due and payable under this Agreement and/or the Instrument and all actual and reasonable costs and expenses of retaking, maintaining, repairing or rehabilitating, advertising, cleaning, storing or selling the Vessel, to the extent permitted by law. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the applicable judgment rate or, if permitted by law, at the interest rate applicable to the Debt, at Bank discretion. In addition to the remedies set forth above, in the event the Vessel is seized, Borrower authorizes Bank to disclose any information which Bank deems necessary to protect Bank interest in the Vessel and Borrower further authorizes Bank or Bank agents in Borrower name and as Borrower attorney in fact to (i) receive or take possession of the Vessel, and (ii) defend any action and/or discharge any lien.

16.        RECOVERY OF PERSONAL BELONGINGS: If this Agreement is enforced by nonjudicial repossession of the Vessel, Borrower may claim any of Borrower's personal belongings that were in or on the Vessel at the time of repossession only if Borrower sends Bank notice by registered mail of Borrower's intent to claim such belongings within 48 hours after repossession. Once Bank notifies Borrower by mail as to where these belongings may be called for, Borrower must pick them up within 30 days after receipt of said notice or Borrower will have no further claim to them. In any case, Bank shall not be liable for any such belongings or for any damage to them.

17.        DISPOSITION OF VESSEL; APPLICATION OF PROCEEDS: (a)If Bank repossesses the Vessel without judicial process, Bank may, in Borrower's name or Bank's, at Bank's discretion, sell, lease, charter, operate or otherwise use the Vessel as Bank may deem advisable, without being responsible for loss or damage, and Bank may keep the Vessel at Borrower's premises or elsewhere, at Borrower's expense. For this purpose and subject to any applicable state regulation, Bank and Bank agents are irrevocably appointed Borrower's true and lawful attorneys-in-fact to make all necessary transfers of the Vessel, to pay, defend or obtain the release of all maritime liens, and to take all related actions in Borrower's name and stead as may be necessary and appropriate to enforce Bank rights under this Agreement or the Instrument. This power of attorney shall not be affected by Borrower's disability. (b) The proceeds of sale or other disposition of the Vessel shall be applied in accordance with applicable law. To the extent permitted by applicable law, any late charges, costs of retaking

3

liens on the Vessel; Borrower shall be liable for any deficiency.

18.   **RECEIVER:** In any legal action, Bank may have a receiver appointed for the Vessel and its earnings. Any receiver shall have full rights and powers to use and operate the Vessel pending its disposition and to obtain a court decree ordering and directing the sale or other disposition of the Vessel.

19.   **REASONABLE ATTORNEY'S FEES:** Whenever under this Agreement or the Instrument Bank is entitled to payment by Borrower of Bank's reasonable attorney's fees incurred to enforce Bank's collection rights against Borrower, it shall be presumed that 15 % of the full amount owed under the Instrument and this Agreement shall be a reasonable attorney's fee unless otherwise required by applicable law.

20.   **NO WAIVER:** Bank may delay in enforcing or fail to enforce any of Bank's rights without waiving Bank's right to enforce such rights or any other rights at a later time. Bank's rights and remedies under this Agreement are cumulative and not exclusive. No action that Bank takes to protect Bank's interest under this Agreement or the Instrument shall cure any default by Borrower under this Mortgage or the Instrument, nor shall it prohibit Bank from declaring Borrower's Debt immediately due and payable. No waiver by Bank of any of Bank's rights will be effective unless in writing and signed by Bank.

21.   **TIME IS OF THE ESSENCE:** Time is of the essence in this Agreement.

22.   **VALIDITY, AMENDMENT:** If any provision of this Agreement cannot be enforced, the rest of this Agreement will remain in effect as though the unenforceable provision had never been included. No amendment of this Agreement will be valid unless in writing and signed by both Borrower and Bank.

23.   **ASSIGNMENT:** This Agreement may be assigned by Bank at any time without prior notice to Borrower. If this Agreement is assigned, Borrower's rights and obligations under this Agreement will be transferred with it. After any assignment, Bank shall have no responsibility to Borrower under this Agreement; but Bank shall keep all rights and powers not so assigned.

24.   **NOTICE:** Any notice required or permitted to be given hereunder shall be deemed properly given: (a) upon delivery, if delivered in person or by overnight courier, or b) three (3) days after mailing by first-class or certified mail, postage prepaid, to each party at the address for each party specified at the beginning of this Agreement, or to such other address as either party may designate by written notice given to the other.

25.   **GOVERNING LAW:** This Agreement will be governed by and construed in accordance with the internal laws of the State of Maryland and, to the extent that federal law preempts the laws of Maryland, by the laws of the United States, provided, further, that the parties elect that this loan is made under Subtitle 10 of Title 12 of the Commercial Law Article of the Annotated Code of Maryland and federal law.

26.   **ENTIRE AGREEMENT:** This Agreement, together with the Instrument and any related papers, is the entire agreement between Bank and Borrower. There are no oral representations, warranties or agreements between Bank and Borrower.

4

**PROVIDENT
BANK OF
MARYLAND**

96017430

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

I/WE  JESSE S. VENABLE                                                        ,
        [print name(s)]
of  132 1ST EAST #10-101  TIERRA VERDE,  FL  33715                            ,
        [principal residence / place of business]
being the sole owner(s) of the following vessel ("Vessel"):

DESCRIPTION OF VESSEL :  1982 SWEEPING 70'
VESSEL NAME : ENTERPRISE                          O.N.: 694189
HULL ID NO. : 694189
HAILING PORT / HOME PORT : FALLING WATERS, WV  Tierra Verde, FL.

hereby irrevocably appoint PROVIDENT BANK OF MARYLAND ("PROVIDENT

BANK"), acting by and through _____ or

_____ authorized officers thereof, or

**VESSEL DOCUMENTATION SERVICE** _____ (documentation service),

acting by and through _____ or

_____ , authorized officers thereof, or such other authorized
person(s) as the above Attorneys-In-Fact may appoint, as the true and lawful attorney-in-
fact for me/us, (jointly and severally), to act in my/our place and stead and to manage all
of my/our affairs, undertakings, and business in my/our behalf in as full and ample a
manner as I/we might do personally, regarding the marking and documentation of the
Vessel within the meaning of Chapter 121, Title 46, U.S. Code, and the execution, filing
and recordation of a chattel mortgage in favor of PROVIDENT BANK on the Vessel, her
engines, equipment, accessories, necessaries, or fixtures which are now or later attached
to or have become an essential part of the Vessel, and all other necessaries and
appurtenances thereunto appertaining and belonging, in order to give the said Preferred
Mortgage the status and priority of a First Preferred Mortgage of the Vessel in favor of
PROVIDENT BANK, within the meaning of Chapter 313, Title 46, U.S. Code, and in
that regard to do and execute all the following acts, deeds, instruments and things, the
authority therefore expressly stated herein to be construed as amplification, and not as
limitation, of the general powers hereby given as follows:

1. Generally to act, transact, determine, accomplish and conduct any business, and
to finish all matters and things whatsoever relating to the recordation of the purchase of
the Vessel in the Office of Vessel Documentation, U.S. Coast Guard, the marking of the

- 1 -

Vessel, the documentation of the Vessel, the execution, filing and recordation of a Preferred Mortgage of the Vessel in the Office of Vessel Documentation, and to make all necessary agreements, representations, warranties, declarations, certifications, and statements on my/our behalf for the purpose of the foregoing:

2.  To prepare, execute, seal, acknowledge, surrender, and deliver on my/out behalf all documents, forms, letters, applications, certificates, declarations, and related instruments, including, but not limited to, Declaration of Citizenship, Application for Documentation, Builder's Certification, Certificate of Marking, Admeasurement Application, Bills of Sale, Preferred Mortgage of Vessel, Designation of Home Port, Application for Official Number, Deed of Gift, and Chattel Mortgage and all other documents and amendments, assignments, assumptions and supplements thereto for the purposes as stated herein;

3.  Generally to act, transact, determine, accomplish, and finish all matters and things whatsoever relating to the matters described in paragraphs 1 and 2 above, and to execute all instruments in writing that may be necessary or convenient for the purposes as fully, amply, and effectually , to all intents and purposes, as I/we, if present, ought or might do, although the matter should require more special authority than is expressly hereby conferred, and I/we hereby ratify and confirm all and whatsoever the said agent or attorney or his or her substitute shall law fully do or cause to be done by virtue of this power. This power of attorney shall not be affected by my disability.

IN WITNESS WHEREOF, I/We hereunto set my/our hand and seals this ____11____ day of ___July_____ , 19 98 . (All Owners Must Sign)

WITNESS:

7/1/98

_____

_____ (SEAL)
Print Name: JESSE S. VENABLE

7/11/98

_____

_____ (SEAL)
Print Name: Mary von Lossberg

MARY VON LOSSBERG
My Comm Exp. 5/5/2002
No. CC 739929
[X] Personally Known  [ ] Other I.D.

- 2 -

ACKNOWLEDGMENT (INDIVIDUAL)

STATE OF Florida _____ )
                                      ) ss: 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
COUNTY OF Pinellas _____ )

    I HEREBY CERTIFY that in this __11__ day of __July__ , 199_8_ , before me, a Notary Public, personally appeared __Jesse S. Venable__ _____ (Owner) (known to me or satisfactorily proven) who acknowledged that he/she/they executed and delivered the foregoing Limited Power of Attorney of his/her/their own free act and deed for the uses and purposes set forth herein.

    In witness whereof, I hereunto set my hand and official seal.

> MARY VON LOSSBERG
> My Comm Exp. 5/5/2002
> No. CC 739929
> [X] Personally Known [ ] Other I.D.

                                Notary Public

                          5/5/2002
[SEAL]            My Commission Expires:

- 3 -

<u>PROOF OF OWNERSHIP</u>

Date _July 11 1998_

The Undersigned hereby guarantees that he/she/they (is) (are) the owner(s) of the described collateral:

Make **SWEEPING 70'**      Year **1982**      Serial # **694189**

Further, he/she/they attest that they have good and marketable title, free and clear of all liens and encumbrances.

The Undersigned represents that the title of ownership is subject only to the following liens or encumbrances:

**NONE**                                                        **$  0.00**

The Undersigned acknowledges that proceeds from the loan will be used first to satisfy all liens and encumbrances with any remaining sum to be paid to the Undersigned. The Undersigned also agree(s) to release **PROVIDENT BANK OF MARYLAND** or its assignee from liability arising from additional liens/encumbrances that appear at a later date for which the Undersigned has responsibility, the Undersigned will assume such responsibility and release **PROVIDENT BANK OF MARYLAND** or its assignee from said liability.

_____          _____
Witness                                                      **JESSE S. VENABLE**

_Mary von Lossberg_                          _____
Witness

14,586

# NOTICE OF CLAIM OF LIEN

M&T BANK
LEGAL DOC. PROCESSING

2009 JL 17  AM 8: 19

**NAME OF VESSEL:** "ENTERPRISE"

**OFFICIAL NUMBER:** USCG Document Number: **694189**

**CLAIMANT NAME:** Linda L. Krantz, ~~President~~
**ADDRESS:**          2494 Cat Cay Lane
**CITY:**               Fort Lauderdale, Florida 33312
                        954-584-1888

**NATURE OF LIEN CLAIMED: Work Performed as Project Manager
and Consultant. Oversee sea trials, Sub Contractors, Acquisitions and
arranged for Discounts and Escrow Services.**

**DATE ON WHICH THE LIEN WAS ESTABLISHED: June 1, 2009**

**TOTAL AMOUNT OF LIEN CLAIMED: $85,000.00**

_Linda L. Krantz, President_ _____ **Date** _June 1, 2009_
Luxury Yachts International, Inc.

### ALL POURPOSE ACKNOWLEDGEMENT

**STATE OF:** _Florida_                    **COUNTY OF:** _Broward_
On _June 15 2009_ before me the undersigned notary personally appeared _Linda L. Krantz_
personally known to me or proved to me on the basis satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the
person (s), or the entity upon behalf of which the person (s) acted, executed the instruments.
WITNESS MY HAND AND OFFICIAL SEAL    **COMMISSION EXPIRES:** _4 / 21 / 2012_

_____
Signature of Notary

**CAPACITY CLAIMED BY SIGNER**

( ✓ ) Individual          ( ) Subscribing Witness      ( ) Partner          **SIGNER IS REPRESENTING:**
                                                                          Name of person (s) or entity (ies)
( ) Corporation _____ ( ) Guardian/Conservator   ( ) Attorney-In-Fact  _____
    Officer(s)   _____ ( ) Other                  ( ) Trustee (s)       _____

Page 1 of 2

```
ELVIA SORTO
Notary Public - State of Florida
My Commission Expires Apr 21, 2012
Commission # DD 780963
Bonded Through National Notary Assn.
```



EXHIBIT
C

# NOTICE OF DECLARATION

The information in the notice is true and correct to the best of the knowledge, information, and belief of the individual who signed it.

A copy of the notice, as presented for recordation, has been sent to each of the following:

JESSE S. VENABLE

132 1st Street East # 101

Tierra Verde, Florida 33715

PROVIDENT BANK OF MARYLAND

7210 Ambassador Road

Baltimore, Maryland 21244

Linda L. Krantz

Date: June 1, 2009

## ALL POURPOSE ACKNOWLEDGEMENT

STATE OF: Florida                    COUNTY OF: Broward

On June 1st 2009, before me the undersigned notary personally appeared *Linda L. Krantz* personally known to me-or-proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the person (s), or the entity upon behalf of which the person (s) acted, executed the instruments.

WITNESS MY HAND AND OFFICIAL SEAL          COMMISSION EXPIRES: 4/21/2012

_____
Signature of Notary

## CAPACITY CLAIMED BY SIGNER

( x ) Individual          ( ) Subscribing Witness          ( ) Partner          **SIGNER IS REPRESENTING:**

( ) Corporation _____  ( ) Guardian/Conservator          ( ) Attorney-In-Fact          Name of person (s) or entity (ies)
    Officer(s) _____   ( ) Other                         ( ) Trustee (s)



ELVIA SORTO
Notary Public - State of Florida
My Commission Expires Apr 21, 2012
Commission # DD 780903
Bonded Through National Notary Assn.

Page 2 of 2

# FOWLER WHITE
### ATTORNEYS AT LAW
# BURNETT

· MIAMI · FORT LAUDERDALE · WEST PALM BEACH · ST. PETERSBURG · VERO BEACH

ESPIRITO SANTO PLAZA
FOURTEENTH FLOOR
1395 BRICKELL AVENUE
MIAMI, FLORIDA 33131
TELEPHONE (305) 789-9200
FACSIMILE (305) 789-9201

WWW.FOWLER-WHITE.COM

MATTHEW J. VALCOURT
DIRECT PHONE NO.: (305) 789-9280
DIRECT FACSIMILE NO.: (305) 728-7580
MVALCOURT@FOWLER-WHITE.COM

October 6, 2009



CERTIFIED MAIL
RETURN RECEIPT REQUESTED,
FIRST CLASS MAIL AND
FEDERAL EXPRESS

Ms. Linda L. Krantz
2494 Cat Cay Lane
Ft. Lauderdale FL 33312

> RE:   M&T Bank v. Linda L. Krantz
> M/V ENTERPRISE
> Our File No.: 78952-MJV
> **Demand for Withdrawal of Notice of Claim of Lien**

Dear Ms. Krantz:

Please be advise the undersigned law firm represents M&T Bank Corporation, successor in interest of Provident Bank which currently holds title to the M/V ENTERPRISE, official number 694189.

Upon reviewing the abstract of title, we note with particular interest your Notice of Claim of Lien filed July 7, 2009. Based on the representations made under oath, the Notice of Claim of Lien appears to be invalid on its face. No maritime lien attached to the vessel for consulting and escrow services and arranging discounts etc. Our research revealed that any agreement with the former owner was an executory agreement as a consultant, however, you or your company did not provide maritime necessaries to the vessel. Even if your lien is determined to be valid, it would be inferior to the Preferred Ship's Mortgage on the vessel.

The Federal Maritime Lien Statute provides that 46 USCS 31301(5) a "preferred maritime lien" means a maritime lien on a vessel--

> (A) arising before a preferred mortgage was filed under section 31321 of this title [46 USCS § 31321];
> (B) for damage arising out of maritime tort;
> (C) for wages of a stevedore when employed directly by a person listed in section 31341 of this title [46 USCS § 31341];
> (D) for wages of the crew of the vessel;
> (E) for general average; or
> (F) for salvage, including contract salvage; and
> (6) "preferred mortgage"--
> (A) means a mortgage that is a preferred mortgage under section 31322 of this title [46 USCS § 31322]; and
> (B) also means in sections 31325 and 31326 of this title [46 USCS §§ 31325 and



EXHIBIT
D

FOWLER WHITE BURNETT P.A.

Ms. Linda L. Krantz
Page 2

31326], a mortgage, hypothecation, or similar charge that is established as a security on a foreign vessel if the mortgage, hypothecation, or similar charge was executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central office.

M&T Bank holds a Preferred Ship's Mortgage on the vessel and will resell the vessel. As there is no equity in the vessel above the mortgage amount, and any action to foreclose the alleged lien would not be successful.

Therefore, we demand that you withdraw your Notice of Claim of Lien by October 16, 2009. If the lien is not removed by October 16, 2009, we will proceed to file suit to clear the lien and/or establish the mortgage as the superior lien. If successful, we will be seeking damages including lost sale profits and attorney's fees and costs, which are allowable under maritime time law and Florida state law.

We believe the services that you claimed to have provided clearly do not create a maritime lien in the vessel under federal law and even if they do create a lien, your lien would be inferior to the current Mortgage. If you continue to contest the lien, please provide all documentary proof of your lien by October 16, 2009. We will be filing suit shortly thereafter in Federal court and you will be named as a party in the lawsuit.

Please contact the undersigned upon receipt of this demand so we may resolve this matter prior to filing suit.

Very truly yours,

FOWLER WHITE BURNETT P.A.

Matthew J. Valcourt

Enclosure

14,586

M&T BANK
LEGAL DOC. PROCESSING

# NOTICE OF CLAIM OF LIEN

2009 JL 17  AM 8: 19

**NAME OF VESSEL:** **"ENTERPRISE"**

**OFFICIAL NUMBER: USCG Document Number: 694189**

**CLAIMANT NAME:** Linda L. Krantz, ~~President~~
**ADDRESS:**        2494 Cat Cay Lane
**CITY:**           Fort Lauderdale, Florida 33312
                    954-584-1888

**NATURE OF LIEN CLAIMED: Work Performed as Project Manager
and Consultant.  Oversee sea trials, Sub Contractors, Acquisitions and
arranged for Discounts and Escrow Services.**

**DATE ON WHICH THE LIEN WAS ESTABLISHED: June 1, 2009**

**TOTAL AMOUNT OF LIEN CLAIMED: $85,000.00**

_____          Date  June 1, 2009  _____
Linda L. Krantz, President
Luxury Yachts International, Inc.
                        ALL POURPOSE ACKNOWLEDGEMENT

STATE OF: Florida                    COUNTY OF: Broward
On June 1st 2009 before me the undersigned notary personally appeared *Linda L. Krantz*
personally known to me-or-proved to me on the basis satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the
person (s), or the entity upon behalf of which the person (s) acted, executed the instruments.
WITNESS MY HAND AND OFFICIAL SEAL.       COMMISSION EXPIRES:  4/21/2012

_____
Signature of Notary                      CAPACITY CLAIMED BY SIGNER

( )  Individual        ( )  Subscribing Witness    ( )  Partner        SIGNER IS REPRESENTING:

( )  Corporation ____  ( )  Guardian/Conservator   ( )  Attorney-In –Fact   Name of person (s) or entity (ies)
     Officer(s) ____   ( )  Other                   ( )  Trustee (s)     _____
                                                                        _____

ELVIA SORTO
Notary Public - State of Florida
My Commission Expires Apr 21, 2012
Commission # DD 780993
Bonded Through National Notary Assn.

# NOTICE OF DECLARATION

The information in the notice is true and correct to the best of the knowledge, information, and belief of the individual who signed it.

A copy of the notice, as presented for recordation, has been sent to each of the following:

JESSE S. VENABLE
132 1st Street East # 101
Tierra Verde, Florida 33715

PROVIDENT BANK OF MARYLAND
7210 Ambassador Road
Baltimore, Maryland 21244

_Linda L. Krantz_

Date: _June 1, 2009_

## ALL POURPOSE ACKNOWLEDGEMENT

STATE OF: _Florida_     COUNTY OF: _Broward_

On _June 1st 2009_ before me the undersigned notary personally appeared *Linda L. Krantz* personally known to me or proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signatures on the instrument the person (s), or the entity upon behalf of which the person (s) acted, executed the instruments.

WITNESS MY HAND AND OFFICIAL SEAL     COMMISSION EXPIRES: _4/21/2012_

_Elvia Sorto_

Signature of Notary

( X ) Individual          ( ) Subscribing Witness

( ) Corporation _____ ( ) Guardian/Conservator
    Officer(s) _____   ( ) Other

CAPACITY CLAIMED BY SIGNER

( ) Partner
( ) Attorney-In-Fact
( ) Trustee (s)

SIGNER IS REPRESENTING:

Name of person (s) or entity (ies)
_____

ELVIA SORTO
Notary Public - State of Florida
My Commission Expires Apr 21, 2012
Commission # DD 780993
Bonded Through National Notary Assn.

Page 2 of 2

JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

09-61905

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| M & T BANK CORPORATION | LINDA L. KRANTZ |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Fowler White Burnett P.A., 1395 Brickell Ave., 14th FL, Miami, FL 33131 (305) 789-9200

CIV-ZLOCH

ROSENBAUM

Attorneys (If Known)

FILED by ___ PAL ___
INTAKE

DEC 0 1 2009

STEVEN M. LARIMORE

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE   ☐ MONROE   ☒ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | **PERSONAL INJURY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury - Med. Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS— Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)

(See instructions second page):

a) Re-filed Case  ☐ YES  ☒ NO       b) Related Cases  ☐ YES  ☒ NO

JUDGE _____       DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

46 USC 31343 and 28 USC 2201 Action to clear Claim of Lien on M/V ENTERPRISE

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 85,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   12/1/09

FOR OFFICE USE ONLY

AMOUNT 350.00   RECEIPT # 1012739   IFP

12/1/09